IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND EVERHART, § | | |
| TDCJ #499879, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-2820 | |
| § | | |
| BRAD LIVINGSTON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER ON DISMISSAL**

State inmate Raymond Everhart has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. The plaintiff proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Everhart is presently incarcerated at the Ramsey II Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") for one or more undisclosed offense. Everhart sues TDCJ Executive Director Brad Livingston, the TDCJ "Time Section" in Huntsville, the Boyd Unit Parole Office, the Boyd Unit Classification Department, and the Wynne Unit Classification Department. Everhart also appears to sue the TDCJ State Counsel for Offenders.

Everhart complains that he has been incarcerated past the date for his release on the form of parole known as mandatory supervision. Everhart contends that the defendants have

applied the state parole laws to him incorrectly. Everhart seeks damages for the violation of his constitutional rights. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II. STANDARD OF REVIEW

Because the plaintiff proceeds *in forma pauperis*, the district court is obligated to scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a *pro se* litigant's pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts

must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III. DISCUSSION

Pointing to the defendants refusal to release him on parole, Everhart seeks damages from all of the defendants for his allegedly unconstitutional confinement in prison. However, it is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Everhart's allegations, if true, would necessarily implicate the validity of his sentence. Everhart does not allege or show that his sentence has been invalidated or set aside by an

authorized tribunal or a petition for habeas corpus relief.[1] A review of the Court's records reveals no successful habeas challenge by Everhart. Because Everhart's civil rights complaint are barred by *Heck*, his claims are not cognizable under 42 U.S.C. § 1983 at this time. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Accordingly, this case must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

---

[1] The Court declines to re-characterize this case as a federal habeas corpus proceeding because the plaintiff has not shown that he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b) by presenting his claims to the TDCJ Time Credit Dispute Resolution Tribunal and then filing a state habeas corpus application with the trial court under Article 11.07 of the Texas Code of Criminal Procedure.

4

SIGNED at Houston, Texas, on **October 4, 2005.**

Nancy F. Atlas
United States District Judge